J-S53013-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JAMES FRANKLIN SELLARD, | : | |
| | : | |
| Appellant | : | No. 2041 MDA 2014 |

Appeal from the Judgment of Sentence October 27, 2014,
Court of Common Pleas, Lancaster County,
Criminal Division at No. CP-36-CR-0004518-2013

BEFORE:  DONOHUE, OTT and MUSMANNO, JJ.

MEMORANDUM BY DONOHUE, J.:                    **FILED AUGUST 28, 2015**

James Franklin Sellard ("Sellard") appeals from the judgment of sentence entered following his convictions of sexual abuse of children – child pornography, 18 Pa.C.S.A. § 6312(d).  Following our review of Sellard's appellate brief and the certified record on appeal, we quash.

The trial court summarized the facts underlying Sellard's convictions as follows:

> On April 4, 2013, Detective Bradley Ortenzi of the Ephrata Borough Police Department and a member of the Lancaster County Computer Crimes Task Force was performing a search of peer-to-peer (P2P) networks for individuals sharing child pornography. He located a computer willing to share files on the ARES network that contained suspected child pornography. This computer had an IP (Internet Protocol) address of 71.58.192.38 and an ARES nickname of pops1228@ARES associated with it. Detective Ortenzi learned that this IP address was

owned by Comcast Cable Communications. (*See* Trial Exhibit 9 at Stipulation 2.)

Detective Ortenzi presented the partially downloaded file and the IP address to another detective assigned to the Lancaster County Computer Crimes Task Force, Detective Keith Neff. Detective Neff requested a court order containing a description of the partially downloaded file and requested (1) that Comcast Cable Communications disclose the subscriber information for the IP Address 71.58.192.38 and (2) that Comcast not disclose this request to the subscriber. (*See* Trial Exhibit 9 at Stipulation 3.)

The court order was granted on April 11, 2013, and Comcast disclosed to the Commonwealth that the IP address in question belonged to [Sellard] at an address of 76 Roosevelt Boulevard, Unit 101, Manheim Township, Lancaster County. (*See* Trial Exhibit 9 at Stipulation 3.) Using the information from Comcast, Detective Keith R. Kreider of the Manheim Township Police Department, and a member of the Computer Crimes Task Force[,] obtained a search warrant for [Sellard's] apartment on June 20, 2013. When the warrant was executed on June 20, 2013, the Commonwealth seized a Dell computer system, two external hard drives, and three damaged laptops. (*See* Trial Exhibit 9 at Stipulation 4.)

A forensic examination was conducted by Detective John Duby, a Lancaster County Computer Forensic expert, on [Sellard's] computer and the external hard drives seized from his apartment. The examination resulted in the identification of [fourteen] suspected child pornography images depicting children under the age of [eighteen] engaging in prohibited sexual acts, and [thirteen] suspected child pornography videos depicting children under the age of [eighteen] engaging in prohibited sexual acts. (*See* Trial Exhibit 9 at Stipulation 5; *see also* Commonwealth Trial Exhibits 4-6.)

As a result of this police investigation, on September 12, 2013, [Sellard] was charged with two counts of sexual abuse of children, possession of child pornography (F3) (18 Pa.C.S.A. § 6312(d)(1)). [Sellard] filed a suppression motion on April 23, 2014, and a hearing was held on July 18, 2014. Thereafter, the parties filed briefs addressing the issues of whether notice is required by the government when the government obtains a court order for a defendant's IP subscriber name and address and whether such subscriber information is "content" under 18 Pa.C.S.A. § 5743(b), or excluded under 18 Pa.C.S.A. § 5743(c)(3) as non-content "records[.]"

By Order dated July 28, 2014, [Sellard's] motion to suppress was denied, as this Court found that the IP subscriber name and address obtained via a court order dated April 11, 2013, were not "content" for purposes of 18 Pa.C.S.A. § 5743(b) and, therefore, notice to [Sellard] was not required. As such information constituted non-content "records," [the trial court] held that 18 Pa.C.S.A. § 5743(c) controlled, and that the procedural protections provided for in § 5743(c) were followed in this case.

After a waiver of his right to a jury trial, [Sellard] proceeded to a bench trial on August 1, 2014. At the conclusion, [Sellard] was found guilty of two counts of sexual abuse of children, child pornography. Pursuant to 42 Pa.C.S.A. § 9718.2, the Commonwealth gave notice of its intent to seek a sentence of life imprisonment on the charges as [Sellard] had three prior convictions for indecent assault.

Sentencing was deferred pending completion of a pre-sentence investigation report. Moreover, having been found guilty of two counts of sexual abuse of children, [Sellard] was ordered to undergo an assessment by the Pennsylvania Sexual Offender Assessment Board (SOAB). *See* 42 Pa.C.S.A. §

9799.24(a) ("a court shall order an individual convicted of a sexually violent offense to be assessed by the board");§ 9799.12 (defining "sexually violent offense").

A hearing was held on October 27, 2014, to determine if [Sellard] qualified as a sexually violent predator (SVP) under the Sex Offender Registration and Notification Act, 42 Pa.C.S.A. §§ 9799.10 -- 9799.41. Robert M. Stein, Ph.D., testified on behalf of the SOAB and expressed his expert opinion, within a reasonable degree of professional certainty, that [Sellard] met the criteria to be classified as an SVP under the Act. At the conclusion of the hearing, [the trial court] found [Sellard] to be a sexually violent predator and immediately sentenced [him] to two concurrent sentences of life in prison pursuant to 42 Pa.C.S.A. § 9718.2. [Sellard] was represented during his trial and sentencing by private counsel, Jeffrey Conrad, Esquire.

A timely notice of appeal was filed on November 26, 2014, by James J. Karl, Chief Public Defender of Lancaster County. Pursuant to [the trial court's] directive, [Sellard] furnished a concise statement of matters complained of on appeal which challenged only [the trial court's] denial of his motion to suppress the information that police obtained from Comcast pursuant to a court order. (*See* Concise Statement at 1.)

Trial Court Opinion, 1/16/15, at 1-4 (footnotes omitted).

As noted by the trial court, Sellard is challenging the denial of his motion to suppress. He presents only the following issue for review: "Did not the court err in denying [Sellard's] motion to suppress evidence of the contents of [Sellard's] computer when the search was the illegal fruit of an overly broad court order for disclosure under the statute set forth at

[18] Pa.C.S.A. § 5743?" Sellard's Brief at 4. Additionally, we note that in setting forth his argument, Sellard states,

> As articulated in the lower court, [Sellard's] suppression claim had two alternative components: (1) a subscriber's name and residence address constitute "content,["] and the statute requires advance notice to the subscriber when the police are seeking an order to disclose "content"; or (2) even if a subscriber's name and address must be characterized as "non-content," the order does not properly delineate that it is being issued under the statutory subsections appropriate for "non-content" disclosure, and on that basis, is overly broad.
>
> In this appeal, [Sellard] relies on the second component of the claim as set forth in the previous paragraph.

*Id.* at 12-13.

The statement that Sellard's suppression claim had two alternative components is disingenuous, and there is no support for the statement that Sellard sought suppression on the basis that the order was overly broad. Sellard did not assert that the order was overly broad in his suppression motion. At the suppression hearing, Sellard argued nearly exclusively that the information Comcast provided to the police qualifies as "content" under the relevant statute. At the very end of his argument Sellard stated, "just as a backup argument[,]" that the order was unconstitutionally vague. N.T., 7/18/14, at 12.[1] Sellard did not assert, much less argue, that the order was

---

[1] This "backup argument" was limited to this bare assertion that the order was unconstitutionally vague, i.e., no overbreadth argument was asserted.

overbroad at that time. He did not discuss this alleged "component" of his argument in the memorandum of law that he submitted to the court following the conclusion of the hearing. Quite simply, Sellard did not raise the claim that the order at issue was overly broad until after he filed the present appeal.

"It is axiomatic that an issue cannot be raised for the first time on appeal." **Commonwealth v. Hankerson**, __ A.3d ___, 2015 WL 3549969 at *4 (Pa. Super. June 8, 2015); **see also** Pa.R.A.P. 302(a). This Court has long held that "issues, even those of constitutional dimension, are waived if not raised in the trial court" and that "[a] new and different theory of relief may not be successfully advanced for the first time on appeal." **Commonwealth v. Santiago**, 980 A.2d 659, 666 (Pa. Super. 2009) (citations omitted).

> By requiring that an issue be considered waived if raised for the first time on appeal, our courts ensure that the trial court that initially hears a dispute has had an opportunity to consider the issue. This jurisprudential mandate is also grounded upon the principle that a trial court, like an administrative agency, must be given the opportunity to correct its errors as early as possible.

**In re F.C. III**, 2 A.3d 1201, 1212 (Pa. 2010) (internal citations omitted).

As Sellard has waived the only issue he seeks to raise on appeal, we quash this appeal.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/28/2015